**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| In re:<br>ENI DIST, INC.<br>Debtor | ) | Case No. 25-17220-MMH<br>Chapter 11<br>Adv. Proc. No: 25-00429-MMH |
| ENI DIST, Inc.,<br>Debtor-In-Possession<br>Plaintiff, | ) | |
| v. | ) | |
| Austin Business Finance, LLC<br>dba Backd<br>c/o Bradley J. Swallow, Esq.<br>Shulman Rogers, P.A.<br>1215 East Fort Avenue, Suite 301<br>Baltimore, Maryland 21230 | ) | |
| Defendant. | ) | |

**DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH AUSTIN BUSINESS FINANCE, LLC D/B/A BACKD PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

ENI Dist, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby moves this Court, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for entry of an order approving the Settlement Agreement (the "Settlement Agreement") entered into by and between the Debtor and Austin Business Finance, LLC d/b/a Backd ("Backd"), dated as of August 3, 2026, a copy of which is attached hereto as Exhibit A. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

## BACKGROUND

3. On August 6, 2025, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. The Debtor continues to manage its affairs as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. On or about December 17, 2024, the Debtor and Backd entered into that certain Future Receivables Sale Agreement (the "FRSA"), pursuant to which Backd provided financing to the Debtor and Taehyun Holdings LLC ("Taehyun"), an entity wholly owned by the Debtor, in the amount of $1,454,850.00. Backd filed a UCC-1 financing statement against the Debtor on or about December 19, 2024.

5. On or about August 20, 2025, Backd filed a Proof of Claim in this Chapter 11 case, designated as Claim No. 2 on the Court's claims register (the "Claim"), asserting a claim in the amount of $1,391,827.02 on the basis of the FRSA, and asserting that the Claim is fully secured by a lien on the Debtor's property perfected by Backd's UCC-1 financing statement.

6. Prior to the petition date, the Debtor alleges that it made two payments to Backd of $31,615.38 each, on May 9, 2025 and May 26, 2025, and that, following demand letters and UCC lien notices that Backd sent to the Debtor's account debtors, Super Global Mart Pineville LLC, an account debtor of the Debtor, remitted $10,224.34 directly to Backd on or about July 30, 2025 (collectively, the "Alleged Transfers," totaling $73,455.10).

7. The Debtor commenced an adversary proceeding against Backd (the "Adversary Proceeding") and, on March 2, 2026, pursuant to this Court's order dated February 24, 2026, filed its Verified Amended Complaint for Declaratory Judgment and Avoidance Action (the "Complaint"). The Complaint seeks (i) a declaratory judgment that Backd's Claim is wholly unsecured pursuant to Bankruptcy Code § 506(a), because senior perfected liens exceed the value of the Debtor's business assets (Count I); (ii) avoidance of the Alleged Transfers as preferential transfers pursuant

to Bankruptcy Code § 547(b) (Count II); and (iii) recovery of the avoided Alleged Transfers pursuant to Bankruptcy Code § 550(a) (Count III).

8. On March 15, 2026, Backd filed its Answer to the Complaint, denying liability and asserting affirmative defenses, including that the Alleged Transfers were made in the ordinary course of business pursuant to Bankruptcy Code § 547(c)(2) and that the transfers are excepted from avoidance under Bankruptcy Code § 546(e).

9. Thereafter, the Debtor and Backd engaged in settlement negotiations through counsel, which resulted in the Settlement Agreement, fully executed as of August 3, 2026.

## **TERMS OF THE SETTLEMENT AGREEMENT**

10. After extensive arm's-length negotiations, the Debtor and Backd reached the Settlement Agreement, the material terms of which are summarized as follows:[1]

a. *Settlement Payment.* Within seven (7) calendar days after full execution of the Settlement Agreement, Backd shall pay the sum of $20,000.00 (the "Settlement Payment") to counsel of record for the Debtor, Weon G. Kim Law Office, to be held in trust for the benefit of the Debtor or Backd pending Court approval. The Settlement Payment shall be transferred to the Debtor promptly upon entry of an order of the Court approving the Settlement Agreement that has become final and non-appealable (the "Approval Order"). If the Court does not approve the Settlement Agreement within one hundred and eighty (180) calendar days after full execution, or declines to approve it with prejudice, the Settlement Payment shall be returned to Backd.

b. *Unsecured Treatment of the Claim.* Subject to entry of the Approval Order, the Claim shall be deemed allowed in full and treated for all purposes in this case, including for purposes of voting and distributions under any chapter 11 plan, solely as a general unsecured claim in the amount of $1,391,827.02. Backd shall not assert, and waives, any secured claim, lien, or security interest against the Debtor, its bankruptcy estate, or any

---

[1] To the extent of any inconsistencies between the terms of the Settlement Agreement and the statements contained in this Motion, the Settlement Agreement shall control.

property of either, including the Debtor's accounts receivable, notwithstanding Backd's UCC-1 financing statement.

c. *Stay of Adversary Proceeding.* The Debtor shall prepare a stipulation providing for a stay of all proceedings in the Adversary Proceeding pending Court approval, subject to termination upon fourteen (14) calendar days' notice filed by any Party.

d. *Forbearance.* So long as the Debtor is not in material breach of the Settlement Agreement, the stay of the Adversary Proceeding has not been terminated, the Court has not declined to approve the Settlement Agreement with prejudice, and one hundred and eighty (180) calendar days from full execution have not elapsed without Court approval, Backd shall forbear and refrain from all efforts and activities, formal and informal, to collect or enforce any obligation arising under or in connection with the FRSA against the Debtor, including any further demand letters, UCC lien notices, or other communications to account debtors of the Debtor.

e. *Mutual Release.* Effective upon entry of the Approval Order, the Debtor, on behalf of itself and its bankruptcy estate, shall release Backd and its members, officers, employees, agents, subsidiaries, affiliates, successors, and assigns from all claims arising from or in connection with the acts, events, occurrences, circumstances, or omissions alleged in the Complaint, including all claims and causes of action that were or could have been asserted in the Adversary Proceeding. Likewise, Backd shall release the Debtor, its bankruptcy estate, and their respective heirs, successors, and assigns from all claims arising prior to full execution of the Settlement Agreement, except for (i) claims and obligations arising under the Settlement Agreement and (ii) Backd's general unsecured Claim, as amended pursuant to the Settlement Agreement, and its right to receive distributions on account thereof.

f. *Dismissal of Adversary Proceeding.* Within seven (7) calendar days after entry of the Approval Order, the Debtor shall prepare and file a notice or stipulation of dismissal of the Adversary Proceeding with prejudice, each Party to bear its own attorneys' fees and costs.

g. *Fees and Expenses*. Each Party is responsible for its own attorney's fees, costs, and expenses.

## BASIS FOR APPROVAL

11. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure authorizes the Court to approve a compromise or settlement after notice and a hearing. In evaluating a proposed settlement, courts in the Fourth Circuit consider the factors set forth in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), and *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), including: (i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors with due deference to their reasonable views.

Probability of Success in the Litigation

12. The Debtor's claims in the Adversary Proceeding seek a declaration that Backd's Claim is wholly unsecured and avoidance and recovery of $73,455.10 in alleged preferential transfers under Bankruptcy Code §§ 547 and 550. While the Debtor believes its claims have merit, the litigation outcome is uncertain. Backd contends that the two May 2025 payments followed the contractual payment schedule and are protected by the ordinary course of business defense under Bankruptcy Code § 547(c)(2), and further invokes the safe harbor of Bankruptcy Code § 546(e). The Debtor disputes those defenses, including on the ground that the underlying high-cost receivables financing was not debt incurred in the ordinary course of the Debtor's business or financial affairs, but the issues are genuinely contested and fact-intensive, and neither side can be certain how the Court would resolve them. The Settlement Agreement provides a certain and immediate benefit to the estate.

Likely Difficulties in Collection

13. Even if the Debtor were to prevail in the Adversary Proceeding, there can be no assurance that collection of a judgment against Backd would be swift or without difficulty. The Settlement Agreement eliminates collection risk entirely by providing for a prompt cash payment of

$20,000.00 to be deposited in trust with Debtor's counsel in advance of Court approval, together with the treatment of Backd's Claim solely as a general unsecured claim.

Complexity, Expense, Inconvenience, and Delay

14. Continued prosecution of the Adversary Proceeding would require additional time and resources from the Debtor and its counsel, including discovery, motion practice, and trial preparation concerning, among other things, the recharacterization of the FRSA as a disguised loan and the ordinary-course defense. The costs of such litigation would likely approach or exceed the amount in controversy. The Settlement Agreement resolves all disputes efficiently and allows the Debtor to focus its resources on reorganization and the administration of the estate. Additionally, the settlement fully resolves Backd's asserted secured claim of $1,391,827.02 against the Debtor.

Paramount Interest of the Creditors

15. The Settlement Agreement is in the paramount interest of the creditors of the estate. The settlement provides the estate with $20,000.00 in cash, converts Backd's Claim from secured to general unsecured status (thereby improving the position of all other creditors), and secures Backd's waiver of any lien or security interest in the Debtor's property, including the Debtor's accounts receivable, together with Backd's forbearance from any further demand letters, UCC lien notices, or other communications to the Debtor's account debtors. Backd's prior notices had created confusion and fear among the Debtor's account debtors, some of which withheld payments to the Debtor. The waiver and forbearance remove the cloud over the Debtor's accounts receivable and directly enhances the Debtor's liquidity, the feasibility of its plan of reorganization, and distributions to creditors. The settlement represents a fair, equitable, and reasonable resolution of the disputes between the Parties.

## **THE SETTLEMENT IS FAIR AND EQUITABLE**

16. In sum, the Settlement Agreement represents a fair, equitable, and reasonable compromise of the disputes between the Debtor and Backd. The Debtor, through its counsel, exercised informed business judgment in negotiating the Settlement Agreement at arm's length. The terms of the settlement provide meaningful benefits to the estate, including:

(a) A cash payment of $20,000.00 to the estate;

(b) Allowance and treatment of Backd's Claim solely as a general unsecured claim in the amount of $1,391,827.02;

(c) Waiver of Backd's asserted liens and security interests, and Backd's forbearance from further demand letters, UCC lien notices, or other communications to the Debtor's account debtors;

(d) Mutual releases between Backd, on the one hand, and the Debtor and its bankruptcy estate, on the other;

(e) Dismissal of the Adversary Proceeding with prejudice; and

(f) Avoidance of the expense, delay, and uncertainty of continued litigation.

## NOTICE

17. Notice of this Motion has been provided to Backd and its counsel, the United States Trustee, and all creditors and parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that such notice is adequate and sufficient under the circumstances.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

(a) Approving the Settlement Agreement between the Debtor and Austin Business Finance, LLC d/b/a Backd, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure;

(b) Authorizing the Debtor and Backd to perform all of their respective obligations under the Settlement Agreement; and

(c) Granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,
ENI Dist, Inc., the Debtor, By Counsel

/s/ Weon Geun Kim
Weon Geun Kim, Esq.
Weon G. Kim Law Office

8200 Greensboro Dr. Suite 900
McLean, VA 22102
Tel: (571) 278-3728
Fax: (703) 288-4003
jkkchadol99@gmail.com
Federal Bar No. 19029
Counsel for Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2026, I caused a copy of the foregoing Motion, together with the Notice of Motion, proposed order, and Exhibit A, to be served:

(i) upon counsel for Backd, Bradley J. Swallow, Esq. (bswallow@shulmanrogers.com),

(ii) the Office of the United States Trustee, and

(iii) all registered CM/ECF participants via the Court's CM/ECF electronic filing system; and

(iv) upon all other creditors and parties in interest, as reflected on the Exhibit List attached hereto, by First-Class Mail, postage prepaid.

/s/ Weon Geun Kim
Weon Geun Kim, Esq.

**EXHIIT A: SERVICE LIST**

The foregoing motion was served on the United States Trustee via CM/ECF, and on the following parties via first-class mail, postage prepaid, including:

David S. Musgrave, counsel for ARBA, dmusgrave@gfrlaw.com

U.S. Trustee – Baltimore, USTPRegion04.BA.ECF@USDOJ.GOV

Hugh M. (UST) Bernstein, hugh.m.bernstein@usdoj.gov

| | | |
|---|---|---|
| Ally Bank<br>c/o AIS Portfolio Services, LLC<br>4515 N. Santa Fe Ave., Dept. APS<br>Oklahoma City, OK 73118-7901 | ARBA Credit Investors III, L.P.<br>c/o David Musgrave, Esq.<br>1001 Fleet St., Suite 700<br>Baltimore, MD 21202 | American Express National Bank<br>c/o Becket & Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 |
| American Express National Bank<br>c/o Zwicker & Associates, P.C.<br>80 Minuteman Road, P.O. Box 9043<br>Andover, MA 01810-0943 | Austin Business Finance, LLC d/b/a Backd<br>c/o Chris Mundt, Esq.<br>P.O. Box 19134<br>Austin, TX 78760-9134 | Bank of America<br>P.O. Box 15796<br>Wilmington, DE 19886-5796 |

| | | |
|---|---|---|
| Bank of Hope<br>3200 Wilshire Boulevard, Suite 1400<br>Los Angeles, CA 90010-1325 | Howard County, Maryland<br>Department of Finance<br>Bureau of Revenue Collection<br>3430 Court House Drive<br>Ellicott City, MD 21043 | CRIMPCO<br>2545 Lord Baltimore Dr., Suite H<br>Windsor Mill, MD 21244-2672 |
| Capital One Bank<br>c/o AIS InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118 | Comptroller of Maryland<br>Bankruptcy Unit<br>7 St. Paul Street, Suite 230<br>Baltimore, MD 21202-1626 | DW Global, Inc.<br>18000 Studebaker Rd, Suite 555<br>Cerritos, CA 90703-7932 |
| EMART America, Inc.<br>975 W. Imperial Highway, Suite 110<br>Brea, CA 92821-3839 | ENI Dist., Inc.<br>8805 Kelso Dr.<br>Essex, MD 21221-3112 | Euler Hermes agent for UNITED EXCHANGE CORP.<br>ATTN: Guy P Young Jr<br>100 International Dr 22nd fl<br>Baltimore, MD 21202-4783 |
| Fireline Corporation<br>4506 Hollins Ferry Rd.<br>Halethorpe, MD 21227-4671 | First-Citizens Bank & Trust Company<br>10201 Centurion Parkway N, Suite 100<br>Jacksonville, FL 32256-4114 | Franchise Tax Board<br>Bankruptcy Section MS A340<br>Franchise Tax Board<br>PO BOX 2952<br>Sacramento, CA 95812-2952 |
| GYEONG NAM TRADING INC.<br>c/o KSURE Washington DC CORP<br>1331 Pennsylvania Ave, NW, Suite 625<br>Washington, DC 20004-7100 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Jin Heung Food Co., Ltd.<br>767-11 Namyangman-ro, Ujeong-eup<br>Hwaseong-si, Gyeonggi-do 18572<br>Republic of Korea |
| JPMorgan Chase Bank, N.A.<br>c/o Robertson, Anschutz, Schneid, Crane<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487 | INTERNATIONAL DISTRIBUTORS<br>6190 S BOYLE AVE<br>VERNON CA 90058-3922 | Korea Trade Insurance Corporation<br>M. Zachary Bluestone Bluestone, P.C.<br>4800 Hampden Lane, Suite 22<br>Bethesda, MD 20814-2930 |
| KARIS INC<br>7125 Roselead Blvd<br>Pico Rivera, CA 90660 | Lee Kum Kee (USA) Inc.<br>30-56 Whitestone Expy, Ste 350<br>Flushing, NY 11354-1996 | LG H&H USA<br>PO Box 894495<br>City of Industry Rowland Heigh<br>Los Angeles, CA 90189-4495 |
| Level Green Landscape, LLC<br>6408 Dower House Road<br>Upper Marlboro, MD 20772-3706 | Level Green Landscape, LLC<br>c/o CounselBaradel<br>126 West Street, 4th Floor<br>Annapolis, MD 21401-2880 | M. Zachary Bluestone<br>Bluestone, P.C.<br>4800 Hampden Lane, Suite 200<br>Bethesda, MD 20814-2934 |
| Oracle America, Inc.<br>c/o Shawn M. Christianson, Esq.<br>Buchalter PC<br>425 Market St., Suite 2900<br>San Francisco, CA 94105-2491 | Otoki America Inc.<br>c/o Coface North America Insurance Co<br>600 College Road East, Suite 1110<br>Princeton, NJ 08540-6880 | Prime Landscape, LLC<br>3780 Old Norcross Road<br>Suite 103-275<br>Duluth, GA 30096-1740 |
| The Huntington National Bank<br>11100 Wayzata Blvd., Suite 700<br>Hopkins, MN 55305-5523 | United Exchange Corp.<br>5836 Corporate Avenue S, Suite 200<br>Cypress, CA 90630-4748 | U.S. Small Business Administration<br>100 S. Charles Street, Suite 1201<br>Baltimore, MD 21201-2714 |
| Fulton Bank<br>1 Penn Square,<br>Lancaster, PA 17602 | | |